UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES R. BRINK,

                       Plaintiff,

     -vs-                    **No. 1:14-CV-00940 (MAT)**
                                          **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.

---

## I. Introduction

Represented by counsel, plaintiff James R. Brink ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## II. Procedural History

Plaintiff protectively filed an application for SSI on December 30, 2008, which was denied. Administrative Transcript

("T.") 84, 117-20, 242-44. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Robert T. Harvey on April 21, 2011. T. 44-82. In a decision dated May 23, 2011, ALJ Harvey found that plaintiff was not disabled as defined in the Act and denied his claim. T. 85-104. The Appeals Council granted plaintiff's request for review and, in an order dated October 19, 2011, remanded the case for further proceedings, including consolidating the matter with plaintiff's subsequent SSI application filed July 5, 2011. T. 105-10, 697-702, 778-92. A second administrative hearing was held on December 5, 2012, before ALJ Robert C. Dorf. T. 598-623. ALJ Dorf issued an unfavorable decision on January 3, 2013. T. 16-38. On September 9, 2014, the Appeals Council issued an order denying plaintiff's request for review, thereby rendering ALJ Dorf's decision the Commissioner's final determination. T. 1-6. Plaintiff subsequently filed this action.

**III. The ALJ's Decision**

At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since December 30, 2008, the alleged onset date. T. 21. At step two, the ALJ found that plaintiff suffered from the severe impairments of osteoarthritis and degenerative joint disease of the right knee, status post multiple surgical procedures to the right knee; chronic

2

obstructive pulmonary disease; history of one seizure; personality disorder; and borderline cognitive functioning. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 22.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), "with an option to vary sit/stand positions, which can be accommodated during regularly scheduled breaks in the workday." T. 23. The ALJ went on to state that "more specifically," plaintiff had the RFC to sit for up to six hours and stand or walk for up to two hours in an eight hour workday, with the ability to alternate sit/stand positions during customary morning, afternoon and lunch breaks; lift/carry objects weighing a maximum of ten pounds; push/pull to his lifting carrying capacity; in an environment that does not involve concentrated exposure to respiratory irritants or work near known hazards such as unprotected heights or dangerous machinery. *Id*. The ALJ further determined that plaintiff had the mental capacity, on a sustained basis, to understand, remember, and carry out simple instructions; to make simple work-related decisions; to respond appropriately to others; and to deal with changes in a routine setting. *Id*.

At step four, the ALJ found that plaintiff had no past relevant work. T. 31. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id*. Accordingly, the ALJ found plaintiff not disabled.

IV. **Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A. **Failure to Properly Evaluate Medical Opinions of Record**

Plaintiff first argues that the ALJ's RFC determination was unsupported by substantial evidence because the ALJ purported to accord "significant weight" to the opinions of consultative physicians Dr. Balderman and Dr. Ryan, but failed to incorporate the limitations to which they opined in his RFC finding. Specifically, plaintiff argues that the ALJ failed to incorporate (or explain why he did not incorporate) Dr. Balderman's opinion that plaintiff had moderate limitations in sitting and Dr. Ryan's

4

opinion that plaintiff had moderate limitations in learning new tasks, relating adequately with others, and dealing with stress.

With respect to Dr. Balderman, the Court finds that the ALJ's RFC finding adequately accounted for a moderate limitation in prolonged sitting. The ALJ expressly stated that plaintiff would require customary morning, afternoon, and lunch breaks. *See Tompkins v. Colvin*, 2015 WL 10382575, at *6 (W.D.N.Y. Dec. 23, 2015), *report and recommendation adopted*, 2016 WL 792428 (W.D.N.Y. Mar. 1, 2016) (holding that a "mild to moderate limitation in prolonged sitting and standing is accommodated by the ALJ's limitation to light work as well as normal work breaks"); *Burdick v. Astrue*, 2013 WL 3713417, at *7 (W.D.N.Y. July 12, 2013) (restriction on prolonged sitting and standing was consistent with the full range of sedentary work). Normal work breaks and meal periods split an eight hour workday into approximately two hour periods. *See* SSR 96-9p, 1996 WL 374185 at *6 ("In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."). Plaintiff has offered no support for the proposition that a "moderate limitation" in "prolonged" sitting is not adequately accommodated by breaks every two hours.

5

However, the Court agrees that the ALJ's RFC finding is inconsistent with Dr. Ryan's opinion that plaintiff has moderate limitations in relating adequately with others and dealing with stress. In particular, the ALJ's conclusion that plaintiff would be able to respond appropriately to others on a sustained basis plainly does not comport with the limitations opined by Dr. Ryan. Additionally, plaintiff is correct that the ALJ failed to even mention, let alone give appropriate weight to, the opinion of State agency psychological consultant Dr. Andrews that plaintiff required a low contact environment. These errors necessitate remand. *See Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) ("The plaintiff . . . is entitled to know why the ALJ chose to disregard the portions of the medical opinions that were beneficial to [his] application for benefits.").

Defendant argues that the ALJ's RFC determination is supported by the opinion of consultative examiner Dr. Jensen. However, Dr. Jensen opined that plaintiff's ability to relate adequately with others was impaired, albeit mildly. The existence of an impairment, even a mild one, implies the existence of accompanying limitations.

The Court also agrees that ALJ erred in failing to address Dr. Ryan's opinion that plaintiff's ability to deal with stress was moderately limited. "Because stress is highly individualized, mentally impaired individuals may have difficulty meeting the requirements of even so-called low-stress jobs, and the Commissioner must therefore make specific findings about the nature

6

of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 189 (W.D.N.Y. 2006).

Accordingly, this case is remanded for further administrative proceedings consistent with this Decision and Order. On remand, the ALJ is directed consider the medical opinions of record regarding plaintiff's ability to tolerate stress and to relate adequately with others, and to consider how those limitations affect his ability to work. The ALJ shall also consider whether, in light of plaintiff's nonexertional limitations, a vocational expert should be called to testify.

### B. Credibility determination

Plaintiff also argues that the ALJ's credibility determination was flawed because he improperly penalized plaintiff for being "noncompliant" without considering the impact of plaintiff's mental impairments on his conduct. The Court need not reach plaintiff's arguments regarding the ALJ's credibility finding, because it has already determined that remand is necessary. On remand, the Commissioner is instructed to reconsider the credibility finding in light of the record as a whole.

### V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Doc. 15) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The

7

Commissioner's motion for judgment on the pleadings (Docket No. 17) is denied.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    June 12, 2017
            Rochester, New York.